# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CRYSTAL NICOLE KURI,            )
                                )
                Plaintiff,      )
                                )
vs.                             )   Case No. 15-9293-JAR-GEB
                                )
STEVE KAMAU, et al.,            )
                                )
                Defendants.     )
_____)

## MEMORANDUM AND ORDER

Plaintiff Crystal N. Kuri filed this *pro se* action alleging that her former coworkers at The Matrix Center poisoned her with Methadone. Because the clinic is federally regulated, Plaintiff claims that the Court has federal question jurisdiction under 28 U.S.C. § 1331. This case is before the Court on Plaintiff's Application for Entry of Default (Doc. 24), and Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 21). The motions are fully briefed and the Court is prepared to rule. For the reasons stated below, Plaintiff's motion for entry of default is denied and Defendants' motion to dismiss is granted.

**I.   Application for Clerk's Entry of Default**

A defendant shall serve an answer within twenty-one days after service of the Complaint.[1] But if a motion is filed under Fed. R. Civ. P. 12(b), the defendant need not file a responsive pleading until fourteen days after the Court denies the motion.[2] In this case, Defendants filed a motion to dismiss for lack of subject matter jurisdiction, which altered the time to file an answer. Therefore, the Court denies Plaintiff's motion to enter default for failure

---

[1] Fed. R. Civ. P. 12(a)(1).

[2] Fed. R. Civ. P. 12(a)(4).

to answer within twenty-one days.

## II. Motion to Dismiss

Plaintiff alleges in her Complaint that she was poisoned with Methadone by her fellow coworkers at the Matrix Center, a drug addiction clinic that treats patients with Methadone. She claims that another coworker falsified incident reports and paid for the food that ultimately poisoned her. She was ultimately terminated from her employment, and claims that Defendants' actions caused her to be investigated by state and federal authorities, and caused her termination. She seeks damages for "[e]motional distress, slander, deliberate intentional harm, [] retaliation, lost wages, punitive damages, attorney fees for consultations, search for work, employment credibility of integrity, personal injury, false accusations, defamation of character."[3]

Defendants seek dismissal for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[4] A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[5] The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[6] "Thus, plaintiff bears the burden of showing why the case should not be dismissed."[7] Mere conclusory allegations of jurisdiction are not enough.[8]

Because Plaintiff proceeds *pro se*, some additional considerations frame the Court's

---

[3] Doc. 1 at 4.

[4] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

[5] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[6] *Montoya*, 296 F.3d at 955.

[7] *Harms v. IRS*, 146 F. Supp. 2d 1128, 1130 (D. Kan. 2001).

[8] *United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir.

analysis. The Court must construe her pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[9] However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[10] Additionally, a *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[11]

Plaintiff invokes federal question jurisdiction in her Complaint on the basis that The Matrix Center is a federally regulated clinic. Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case "arises under" federal law where: "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[12] Plaintiff contends that her claim arises under 42 C.F.R. Part 8, § 8.12, which is a federal regulation that governs opioid treatment. The Court has reviewed the regulations in Part 8 of Title 42 and can find no private cause of action for employees of federally regulated facilities. Neither is Plaintiff able to point the Court to a substantial question of federal law for which her right to relief depends. Plaintiff alleges state law claims tort claims. None of these claims depend on the resolution of some federal issue. Plaintiff argues in her response to the motion that federal and state investigators questioned her after she was poisoned, suggesting that this was sufficient to create a federal claim. But Plaintiff's allegation that she was interviewed by federal authorities does not convert

---

1999).

[9]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[10]*Id.*

[11]*Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[12]*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

her state law claims into claims arising under federal law.  For all of these reasons, the Court finds that Plaintiff is unable to meet her burden of establishing that jurisdiction is proper.  Accordingly, the Court shall dismiss this matter for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Crystal Kuri's Application for Entry of Default (Doc. 24) is **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 21) is **granted**; Plaintiff's Motion to Proceed with Trial (Doc. 27) is **moot**.  This case is dismissed in its entirety without prejudice.

Dated: February 8, 2016

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE